IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON SHANE ALLEN,

    Plaintiff,

v.                                              CASE NO. 1:13-cv-6-MP-GRJ

KENNETH S. TUCKER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 29, Plaintiff's Third Amended *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"), for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss a case filed by a prisoner seeking redress from a governmental entity or officer at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's claims against all defendants be **DISMISSED** for failure to state a claim upon which relief may be granted.

**I. Background**

Plaintiff is a prisoner in the custody of the Florida Department of Corrections at the Mayo Correctional Institution. In his Third Amended Complaint, Plaintiff alleges that unnamed correctional officers at Mayo C.I. have denied his grievances, and that these officers were not following "proper grievance protocoll [sic]." (Doc. 29, at 5.) Plaintiff alleges that the "conspiratorial act" of these officers has violated his human rights and

constitutional rights.

Plaintiff further alleges that he filed informal grievances against Sgt. Thomspon and Officer Richardson on January 20, 2013 and December 25, 2012, respectively. Plaintiff asserts that on February 16, 2013, these officers conspired with Officer Spradley and Sgt. McCrae to place Plaintiff in administrative confinement, apparently in retaliation for filing grievances. Plaintiff asserts that on February 17, 2013, he received a disciplinary report from Officer Cook, but that it was not properly read to him. Plaintiff does not state what the disciplinary report was for, or what prompted the report. He states that he had a disciplinary hearing on February 20, 2013, but the witnesses he requested were not interviewed. At the hearing, Plaintiff claimed that the disciplinary report was written in retaliation for his filing grievances. Plaintiff asserts that Officer Livingston placed him in administrative confinement while she reviewed video evidence and interviewed witnesses. Plaintiff does not state the result of the disciplinary hearing.

Plaintiff asserts that on March 28, 2013, he filed an emergency grievance stating that he had been retaliated against. Plaintiff claims that on March 8, 2013, he was released from administrative confinement to Sgt. Thompson's dorm, but that on March 15, 2013, he was moved to the "J-dorm."

Finally, Plaintiff asserts that on May 23, 2013, he filed an informal grievance against Sgt. Lambert, and that he was given a disciplinary report by Sgt. Eldridge for disobeying an order. Plaintiff asserts that he had a disciplinary hearing on June 13, 2013, and that his requested witnesses were not called. He asserts that he was found guilty of the disciplinary violation and placed in confinement. Plaintiff asserts that officers conspired to place him in confinement, and that unknown officers also stole his

radio, headphones, and electric razor. Plaintiff asserts that on June 18, 2013, he was released from confinement and placed in Sgt. Thompson's dorm, "placing me once again in harm's way." (Doc. 29, at 8.)

Reading Plaintiff's complaint generously, the Court construes Plaintiff's claims as 1) a violation of his due process rights under the Fourteenth Amendment, and 2) a claim for retaliation under the First Amendment.

## II. Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### III.  Discussion

### A.  MIsjoinder

Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Second, there *must* be a "question of law or fact common to all defendants" in the action.  Both prongs of the test must be met in order for joinder to be appropriate.  *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Here, Plaintiff has asserted claims based on two entirely separate incidents – the disciplinary report and subsequent hearing in February 2013, and the disciplinary report and subsequent hearing in May and June 2013.  Plaintiff does not assert that these events are related to each other in any way.  Additionally, Plaintiff has made vague and unsubstantiated claims of "conspiracy" in the grievance process at Mayo C.I., as well as claiming that unknown persons have stolen his personal property.

It is clear that allowing this action to go forward against all defendants—several of which are sued based on unrelated events—would create case management problems, would prejudice the defendants, and would be fundamentally unfair.  At the very least, because of the unrelated occurrences that give rise to these claims, it is likely that the defendants will present unique defenses that will require different evidence.  *See Don King Prods., Inc.*, 561 F. Supp. 2d at 192 (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in

one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel"). The remedy for this misjoinder of defendants would generally be to sever and dismiss the unrelated claims, while allowing the principal claim to go forward. Here, however, Plaintiff has failed to state a claim upon which relief can be granted against any defendant, as discussed below.

**B. Due Process Claims**

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Plaintiff does not allege that he lost any gain time based on the two disciplinary reports. Rather, he states that he was placed in administrative confinement after the

first hearing and in disciplinary confinement after the second hearing. Plaintiff's placement in disciplinary confinement is not sufficient to trigger constitutional due process protections. *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection). Plaintiff does not have a liberty interest in being free from disciplinary confinement. Accordingly, he has failed to state a claim for a violation of his due process rights in connection with his disciplinary proceedings.

Even if Plaintiff did lose gain time as a result of the disciplinary hearings, the appropriate remedy would be a petition for habeas corpus, not a civil rights action. If Plaintiff lost gain time, the outcome of a civil rights suit would necessarily implicate the duration of his sentence. An attack on the disciplinary hearing under such circumstances is not cognizable in a § 1983 claim. These claims are habeas in nature and should be brought in a habeas petition pursuant to 28 U.S.C. §2254. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

## C. Retaliation/False Disciplinary Report Claims

Plaintiff alleges that Officer Cook and Sgt. Eldridge issued false DRs in reprisal for Plaintiff's previous grievances. Federal courts do not operate as appellate courts for prison disciplinary actions. As the Eleventh Circuit recently explained, "a prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *O'Bryant v. Finch* 637 F.3d 1207, 1215 (11th Cir. 2011) (citing *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir.2008) (involving allegations of false disciplinary reports and concluding "claims of retaliation fail if the alleged

retaliatory conduct violations were issued for the actual violation of a prison rule"); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (noting inmate alleged officer was lying but concluding that the finding of an actual violation of prison rules was based on some evidence of the violation and "essentially checkmates [the prisoner's] retaliation claim"); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir.1990) ("[N]o claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform.")). Thus, "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report. Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." *Id*.

For the reasons discussed above, Plaintiff's disciplinary confinement punishment was not sufficient to trigger constitutional due process protections. Plaintiff does not state the outcome of the first disciplinary proceeding. He does clearly state that he was found guilty of a disciplinary violation at the second hearing. Accordingly, under the law of the Eleventh Circuit, he cannot state a claim of retaliation for the DR.

Even if Plaintiff were able to bring a claim for retaliation under these circumstances, Plaintiff's allegations fail to state a claim upon which relief can be granted. "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." *Smith v. Mosley*

532 F.3d 1270, 1276 (11th Cir. 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir.2003)). "It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints." *Id*. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Id*. (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir.2005)).

The third element, causal connection, "asks whether the defendants were subjectively motivated to discipline because [Plaintiff] complained of some of the conditions of his confinement." *Smith*, 532 F.3d at 1278 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)). Subjective motivation is evaluated under a burden-shifting standard under which the Plaintiff initially bears the burden of establishing that his protected conduct was a motivating factor behind the alleged harm. *Id*. Here, Plaintiff's Complaint is devoid of any allegations supporting a causal connection between the protected speech, his grievances, and the alleged harm, the disciplinary reports. Plaintiff alleges that he wrote grievances against Defendants Thompson and Richardson, but it was Defendant Spradley and Sgt. McCrae who placed him in confinement and Officer Cook who wrote the DR. Plaintiff's bare allegation that Defendants Thompson and Richardson "conspired" with the other officers is insufficient to state a claim for retaliation. Similarly, Plaintiff claims that he wrote a grievance against Sgt. Lambert, but Officer Eldridge wrote a DR. He has offered no facts to

support the theory that the DR was motivated by the fact that Plaintiff wrote a grievance against a different officer, except his bare allegations of conspiracy.  Accordingly, even if Plaintiff was able to bring a claim of retaliation in a situation where he has been found guilty in a disciplinary proceeding where he had no due process rights – which he is not – his Complaint fails to state a claim for retaliation.

### IV.  Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a claim for due process violations because Plaintiff's placement in disciplinary confinement was not sufficient to trigger constitutional due process protections.  Plaintiff has failed to state a claim of retaliation regarding the allegedly false disciplinary reports because he had no due process rights in the underlying hearing and was found guilty of the infractions, and because he failed to allege sufficient facts regarding a causal connection between his protected speech and the adverse action.

Accordingly, it is respectfully **RECOMMENDED** that: (1) this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 15th day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**