IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON SHANE ALLEN,

      Plaintiff,

v.                                    CASE NO. 1:13-cv-6-RS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al..,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court for screening is Plaintiff's Fourth Amended Complaint. (Doc. 49.) After review, the Court has determined that the Fourth Amended Complaint should be served on those Defendants against whom a claim for conspiracy and retaliation is alleged.  Service upon those Defendants will be directed by separate order.  The Fourth Complaint, however, fails to state a claim against four of the named Defendants and, accordingly, the undersigned recommends that those Defendants be dismissed.

## I.  BACKGROUND

Previously, the Court dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. (Docs. 30, 32.)  On appeal from the Court's order dismissing the case the Eleventh Circuit affirmed the Court's dismissal of all of Plaintiff's claims, other than his claims for conspiracy to retaliate against him by the Defendants concerning a February 20, 2013

disciplinary hearing. (Doc. 41.) The case was reversed and remanded for further proceedings regarding Plaintiff's claim for conspiracy to retaliate against him concerning the February 2013 disciplinary hearing. After the case was remanded the Court directed Plaintiff to file a fourth amended complaint to include only the remaining claim for retaliation regarding the February 2013 disciplinary hearing. Plaintiff has now filed the Fourth Amended Complaint. (Doc. 49.)  Rather than limiting his claims to the defendants named in the Third Amended Complaint, Plaintiff has now named four additional Defendants but has not included any allegations whatsoever regarding what, if anything, they did regarding the disciplinary hearing.

Plaintiff, a prisoner in the custody of the Florida Department of Corrections, alleges that in December 2012, he filed a grievance against Officer Richardson, and in January 2013 he filed a grievance against Sergeant Thompson.  As a result, those officers conspired with Officer Spradley and Sergeant McCrae to place him in confinement in retaliation.  On February 17, 2013, Officer Cook (who is not named as a Defendant) "committed collusion" by not reading Plaintiff's disciplinary report (DR) to him, and fraudulently presented the DR paperwork so that Plaintiff would have to re-do it and spend additional time in administrative confinement.  Plaintiff also alleges that the affidavit he filed with Sergeant Cook disappeared before the February 20, 2013, disciplinary hearing.  Plaintiff alleges that Ms. Livingston did not demand all of the documents submitted and disregarded the witnesses Plaintiff called at his disciplinary hearing, showing collusion.

Plaintiff states that at the February 20, 2013, hearing, he demonstrated that the DR was fraudulent, and although Ms. Livingston wanted to place Plaintiff into

*Case No: 1:13-cv-6-RS-GRJ*

confinement she could not, so she placed him into administrative confinement instead, "supposedly" so that she could look over additional evidence. On February 28, 2013, Plaintiff filed an emergency grievance "to have a hearing set up to address the February 16, 2013," DR, but it was not until March 6, 2013, that a hearing was held in front of Ms. Livingston. Plaintiff was again placed into administrative confinement.  Plaintiff was released from confinement on March 8, 2013, and placed back into Sergeant Thompson's dorm.

Plaintiff also alleges that he filed another grievance on May 23, 2013, against Sergeant Lambert.  Subsequently, he was charged with disobeying an order by Sergeant Eldridge, where he was found guilty and sentenced to disciplinary confinement and a loss of gain time.  Plaintiff alleges that after he filed a grievance on Captain Albritton, Officer Burgus[1] "committed reprisal," by placing Plaintiff in confinement under a false DR.  Plaintiff states that he listed witnesses, but they were never contacted, and at the hearing Ms. Livingston "committed collusion" by finding him guilty based on the officer's statement alone.

Although Plaintiff's due process and retaliation claims surrounding his June disciplinary hearing have been dismissed, Plaintiff was permitted to provide details about that hearing and the events leading up to it in order to support his claim of conspiracy and retaliation relating to the February 2013 hearing.  (Doc. 41 at 8-9.)

As to the newly added Defendants Secretary Crews, Warden Crews at Mayo C.I., Lieutenant James, and Sergeant Brock, who Plaintiff lists as Defendants, Plaintiff

---

[1]This is also spelled as "Burgers" in the Complaint.  (Doc. 49 at 11.)

does not mention these Defendants in his statement of facts and does not allege any conduct by these Defendants, which supports a constitutional claim against any one of them. Because these Defendants were not included in the original complaint (or the amended complaints) and because Plaintiff does not allege they did anything, the claims against these defendants must be dismissed.

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

## III.  DISCUSSION

With regard to Secretary Crews, Warden Crews, Lieutenant James, and

Sergeant Brock Plaintiff has not included any allegations concerning them and has not alleged that any of them personally participated in depriving him of his constitutional rights.  These Defendants, therefore, should be dismissed.

To the extent that Plaintiff wanted to state a claim against Michael Crews, the Secretary of the Department of Corrections, or against Warden Crews, for vicarious liability Plaintiff cannot do so because supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  In order to allege a claim the plaintiff must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  The Fourth Complaint is devoid of such allegations–indeed any allegations even mentioning these defendants.

Accordingly, because there are no allegations in the Fourth Amended Complaint concerning Secretary Crews, Warden Crews, Lieutenant James, or Sergeant Brock and Plaintiff improperly added these Defendants to the Fourth Amended Complaint after the case was reversed and remanded by the Eleventh Circuit for further proceedings regarding only the conspiracy and retaliation claim surrounding the February 2013 disciplinary hearing, the claims against Secretary Crews, Warden Crews, Lieutenant James, and Sergeant Brock should be dismissed.

## V.  CONCLUSION

For the foregoing reasons it is respectfully **RECOMMENDED** that Plaintiff's

claims against Defendants, Secretary Crews, Warden Crews, Lieutenant James, and

Sergeant Brock should be **DISMISSED.**  Service has been directed upon the remaining

Defendants by separate order.

      **IN CHAMBERS,** at Gainesville, Florida, this 1ˢᵗ day of December 2014.

        *s/Gary R. Jones*

        GARY R. JONES
        United States Magistrate Judge


**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**